IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAVEL GOBERMAN**, | Case No. 3:14-322-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **VIRGINIA WERTZ**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Pavel Goberman ("Goberman"), proceeding *pro se*, brings this action challenging the December 2013 decision by the Commissioner of Social Security ("Commissioner") that as of December 1, 2013, Goberman had resources in excess of the statutory maximum and that, accordingly, the Social Security Administration ("SSA") overpaid Goberman his entire monthly benefit of $157. Defendant filed a motion to dismiss (Dkt. 12), arguing that the Court does not have jurisdiction because: (1) Goberman has not exhausted his administrative remedies; and (2) on May 19, 2014, Goberman received a favorable decision from an Administrative Law Judge ("ALJ"), finding that Goberman did not have excess resources as of December 1, 2013, and that Goberman was not overpaid $157 in December 2013. Defendant's motion to dismiss is GRANTED.

PAGE 1 – ORDER

"Federal courts are courts of limited jurisdiction" and there is a presumption "that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(h)(3); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005); *see Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either

"facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject

matter jurisdiction is based on the assertion that the allegations contained in the complaint are

insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the

challenger disputes the truth of the allegations that, by themselves, would otherwise invoke

federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th 2013) (quoting *Safe Air for*

*Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of

jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may

consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122,

1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A

factual challenge "can attack the substance of a complaint's jurisdictional allegations despite

their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and

quotation marks omitted).

Here, Defendant factually challenges Goberman's assertion of jurisdiction and attaches

documents demonstrating that Goberman both received a fully favorable decision from the ALJ

and has not exhausted his administrative procedures before the SSA, rendering this Court

without subject matter jurisdiction. Congress may prescribe the procedures and conditions under

which the federal courts may review administrative decisions. *City of Tacoma v. Taxpayers of*

*Tacoma*, 357 U.S. 320, 336 (1958). Further, "[u]nder settled principles of sovereign immunity,

the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the

terms of its consent to be sued in any court define that court's jurisdiction to entertain suit."

*United States v. Dalm*, 494 U.S. 596, 608 (1990) (second alteration in original) (citations and

quotation marks omitted); *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996). "Where

sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of

immunity." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing *United*

*States v. Sherwood*, 312 U.S. 584, 586 (1941)).

      Congress has expressly provided the limited circumstances under which an individual

may bring suit against the SSA, as follows:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party, . . .
> may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such
> decision or within such further time as the Commissioner of Social
> Security may allow.

42 U.S.C. § 405(g). This provision is the sole jurisdictional basis for judicial review of any claim

arising under the Social Security Act. 42 U.S.C. § 405(h).

      Section 405(g) "clearly limits judicial review to a particular type of agency action, a

'final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99,

108 (1977); *see Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). A final judgment consists

of two elements: (1) "presentment of the claim to the Commissioner"; and (2) "complete

exhaustion of administrative remedies." *Kildare*, 325 F.3d at 1082; *see Johnson v. Shalala*, 2

F.3d 918, 921 (9th Cir. 1992).

      Under the SSA's regulations, an individual who is dissatisfied with the SSA's initial

determination must seek administrative reconsideration within 60 days, absent "good cause" for

late filing. 20 C.F.R. § 416.1409. An individual dissatisfied with a reconsidered determination

similarly must seek an administrative hearing within 60 days, absent "good cause" for late filing.

20 C.F.R. §§ 416.1430, 416.1433. An individual who remains dissatisfied after an administrative

hearing decision must file a timely request for Appeals Council review of the decision. 20 C.F.R.

§§ 416.1467-68. If such review is sought, the Appeals Council "will make a decision or remand

the case to an administrative law judge" for further administrative proceedings. 20 C.F.R.

§ 416.1479; *see also* 20 C.F.R. § 416.1477(a) ("The Appeals Council may remand a case to an

administrative law judge so that he or she may hold a hearing and issue a decision or a

recommended decision. The Appeals Council may also remand a case in which additional

evidence is needed or additional action by the administrative law judge is required."). If the

Appeals Council denies review of the hearing decision, or grants review and issues its own

decision, the administrative review process is complete, and the claimant then may seek judicial

review of an adverse decision. 20 C.F.R. § 416.1481.

Goberman's Complaint is factually deficient for two reasons. First, after he received an

unfavorable decision from the Commissioner, Goberman filed this action before he had appealed

the unfavorable decision to the SSA. Concurrent with the litigation of this lawsuit, Goberman

pursued his administrative appeal with the SSA and on May 19, 2014, Goberman obtained a

fully favorable decision by the ALJ. Thus, Goberman successfully appealed to the Commissioner

the unfavorable decision that he challenges in this lawsuit and there is no more case or

controversy regarding the unfavorable December 2013 decision by the SSA.

Second, to the extent Goberman believes that there remains a disputed issue after the

fully favorable May 19, 2014 decision by the ALJ, Goberman has not presented evidence that he

appealed the May 19, 2014 decision to the Appeals Council and, thus, exhausted his

administrative remedies.  This Court does not have jurisdiction until Goberman has fully

PAGE 5 – ORDER

exhausted his administrative remedies and there is a final decision by the Commissioner. *See* 20 C.F.R. § 416.1481; *Kildare*, 325 F.3d at 1082.

Defendant's motion to dismiss (Dkt. 12) is GRANTED. Because Goberman succeeded on his appeal to the SSA and does not have an unfavorable opinion to challenge, the Court finds that no amendment can cure the deficiencies in Goberman's Complaint and dismisses the Complaint with prejudice.

**IT IS SO ORDERED.**

DATED this 8th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge